**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000898
06-DEC-2019
07:53 AM**

NO. CAAP-18-0000898

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ROMAN SEMES, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(Case No. 2PC151001014(3))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)

Pursuant to a plea agreement, Defendant-Appellant Roman
Semes (**Semes**) pleaded guilty to, and was convicted of, two counts
of first degree negligent homicide, two counts of first degree
negligent injury, and one count of failing to give information
and render aid after an accident involving death or serious
bodily injury. He appeals from the Judgment; Conviction and
Sentence entered by the Circuit Court of the Second Circuit[1] on
April 2, 2018. For the reasons explained below, we affirm.

**I.**

On July 6, 2015, while under the influence of alcohol,
Semes negligently drove a truck into another car. Two persons
died and two others were seriously injured by the collision.
Semes failed to render aid to the occupants of the car and failed
to stop and exchange personal information. Semes was
subsequently indicted on two counts of manslaughter, two counts

---

[1] The Honorable Joseph E. Cardoza presided.

of first degree negligent injury, one count of failure to give information and render aid after an accident involving death or serious bodily injury, one count of operating a vehicle under the influence of an intoxicant, one count of excessive speeding, and one count of driving while his license was suspended or revoked. Semes pleaded not guilty on all counts.

The State offered Semes a plea agreement. He accepted. Accordingly, on January 8, 2018, Semes changed his plea to guilty on two counts of negligent homicide (reduced from manslaughter), two counts of first degree negligent injury, and one count of failure to render aid. The circuit court accepted Semes's change of plea. The State agreed to dismiss the remaining counts with prejudice. Sentencing was set for April 2, 2018.

The State submitted a sentencing memorandum on March 29, 2018. The State requested imposition of consecutive prison terms totaling 40 years. On March 31, 2018, Semes filed a notice demanding a jury trial on the State's request for consecutive sentencing.

On April 2, 2018, Semes was sentenced to prison for ten years on each of the negligent homicide counts, five years on each of the negligent injury counts, and ten years on the count for failure to render aid. His demand for jury trial was denied. He filed a notice of appeal, but we dismissed the appeal for lack of appellate jurisdiction. On October 26, 2018, the circuit court entered an order dismissing the remaining counts. This appeal followed.

## II.

Semes contends that the circuit court's denial of his demand for a jury trial on the issue of consecutive sentences violated his constitutional right to due process,[2] because he was not given notice that the State would request the imposition of

---

[2] The State incorrectly contends that Semes waived his due process argument. Semes asserted his due process right — albeit in cursory fashion — by filing his notice demanding a jury trial on the State's request for consecutive sentencing, and again during his sentencing hearing.

consecutive prison terms.[3]  An appellate court answers questions
of constitutional law "by exercising its own independent judgment
based on the facts of the case, under the right/wrong standard."
State v. Kahapea, 111 Hawaiʻi 267, 278, 141 P.3d 440, 451 (2006)
(cleaned up).

The record is clear that Semes had actual notice that
he faced potential consecutive sentences totaling 40 years.
During Semes's change-of-plea hearing, the following exchange
took place:

> THE COURT:  The next thing I'm going to do is discuss
> with you the possible penalties for each of these five
> charges.  And I will begin with the charge of negligent
> homicide in the first degree.
>
> Those two charges each -- each one carries a maximum
> of ten years in prison, a maximum extended term of 20 years
> in prison, and a maximum fine of $25,000.00.
>
> Do you understand all of that?
>
> THE INTERPRETER:[4]  Yes, sir.
>
> THE COURT:  There are two charges of negligent injury
> in the first degree.  Each of those charges carries a
> maximum of five years in prison, a maximum extended term of
> ten years in prison, and a maximum fine of $10,000.00.
>
> Do you understand that?
>
> THE INTERPRETER:  Yes, sir.
>
> THE COURT:  Count five, accidents involving death or
> serious bodily injury, carries a maximum of ten years in
> prison, a maximum extended term of 20 years in prison, and a
> maximum fine of $25,000.00.
>
> Do you understand that?
>
> THE INTERPRETER:  Yes, sir, I understand.
>
> THE COURT:  In looking at the charges against you I
> will note that there is no indication that the State of
> Hawaii is asking for an extended term of imprisonment for
> these five charges.

---

[3]     Semes does not argue that the circuit court's imposition of
consecutive sentences constituted an abuse of discretion.  See State v.
Barrios, 139 Hawaiʻi 321, 328, 389 P.3d 916, 923 (2016) ("A sentencing judge
generally has broad discretion in imposing a sentence.  The applicable
standard of review for sentencing or resentencing matters is whether the court
committed plain and manifest abuse of discretion in its decision.").

[4]     Semes was provided with a Pohnpeian interpreter for all circuit
court proceedings.

I told you about the maximum term of imprisonment because we have a rule here in the State of Hawaii that says I must inform you of the extended terms of imprisonment.

Do you understand that?

THE INTERPRETER: Yes, sir, I understand.

THE COURT: **I want you to understand that terms of imprisonment can be ordered to be served consecutively. In other words, one after the other.** Let me give you an example that in this case of how that can work.

If I ordered that you serve a maximum of ten years in prison for count one, negligent homicide in the first degree, and ten years in prison for count two, negligent homicide in the first degree, and a maximum -- and a maximum of five years in prison for count three, negligent injury in the first degree, and a maximum of five years in prison for the offense of negligent homicide in the first degree in count four, and a maximum of ten years in prison for the offense of accidents involving death or serious bodily injury, count five, and I ordered that you serve these prison terms consecutively, in other words, one after the other, then, you would have count one, ten years, and then added to that would be count two, ten years, for 20 years.

Added to that count for count three, five years. That would be 25 years. Added to that count four, another five years. That would add up to 30 years. And then added to that, count five, another ten years. **That would make the total, maximum term a maximum of 40 years in prison.**

Do you understand all of that?

THE INTERPRETER: **Yes, sir, I understand.**

THE COURT: And I believe that **the government may ask that you be sentenced up to a maximum term of imprisonment of 40 years.**

Do you understand that?

THE INTERPRETER: **Yes, sir, I understand.**

. . . .

THE COURT: Do you understand that the Court has not promised you leniency in return for your pleas of guilty?

THE INTERPRETER: Yes, I understand.

THE COURT: Do you understand that under this plea agreement you can ask for a sentence of probation and **the government can ask for a sentence of up to 40 years in prison?**

Do you understand that?

THE INTERPRETER: **Yes, I understand it.**

. . . .

THE COURT: Now, I'm going to ask you a few other -- a couple other questions at least. And that is, I just want to make sure that, you know, you're -- you're understanding all of this.

If you plead guilty today is there going to be any kind of a trial in this case, a jury or a judge trial? Will there be a trial if you plead guilty today?

THE INTERPRETER: So, no. No, sir.

THE COURT: **And up to how many years in prison can you be sentenced if I gave you the harshest sentence? In other words, the most number of years that you could receive, up to how many years could you receive?**

I'm not saying you're going to receive that, but how many years could you receive if you received the greatest number of years you could get?

**THE DEFENDANT: 40.**

THE INTERPRETER: 40.

THE COURT: If you plead guilty today . . . will you be found guilty or not guilty of each of these five charges?

THE DEFENDANT: Guilty.

THE INTERPRETER: Guilty.

THE COURT: If you plead guilty today, **can the Federal government come in 40 years from now and take you out of this country never to return?**

THE INTERPRETER: **Yes, sir.**

THE COURT: Have you understood everything we have discussed today?

THE INTERPRETER: Yes, sir, I understand.

THE COURT: Do you have any questions for me concerning what we have discussed today?

THE INTERPRETER: Nothing.

(Cleaned up.) (Footnote and emphases added.) There was no denial of due process concerning the 40-year consecutive sentence.

Semes also argues that the State's request for imposition of consecutive prison terms was a "calculated subterfuge" to avoid the Apprendi requirement for extended term sentencing.[5]

---

[5] In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must
(continued...)

The only authority cited by Semes is <u>State v. Hussein</u>, 122 Hawai'i 495, 229 P.3d 313 (2010). That case involved a thirty-nine count guilty plea by a repeat offender who, at the time of sentencing, was already serving a ten-year prison term running concurrently with two five-year terms. The State moved for repeat offender sentencing, consecutive term sentencing, and extended term sentencing. The circuit court denied the State's request for an extended term, and imposed ten year repeat-offender-mandatory-minimum terms. The terms were to run concurrently with each other, but consecutive to the prior ten-year term. The supreme court noted:

> Thus, by virtue of adding the mandatory minimum repeat offender ten-year term for the instant matter to the previous ten-year term already being served, as recognized by the [circuit] court, "in all of her cases, Petitioner will be serving a twenty-year term of incarceration."

<u>Id.</u> at 499, 229 P.3d at 317 (cleaned up). The defendant appealed her sentence. We affirmed, No. 28617, 2008 WL 5307813 (Haw. App. Dec. 22, 2008) (SDO). The defendant petitioned for a writ of certiorari. The supreme court affirmed and held (among other things) that the trial court did not abuse its discretion — under the statutes and case law in effect at that time — in imposing a sentence consecutive to the prior term. It was in that context that the supreme court noted:

> Foreseeably, the less burdensome procedural alternative of consecutive term sentencing may be viewed as a way to obtain the same sentencing result as would be reached in extended sentences, but without the necessity of convening the more lengthy jury procedures required by <u>Apprendi</u>. <u>See</u> <u>Kahapea</u>, 111 Hawai'i at 285, 141 P.3d at 458 (Acoba, J., concurring in part, joined by Duffy, J.) ("It would appear plain, then, that our sentencing law does not sanction the circumvention by a judge of the extended term sentencing procedure by resort to the consecutive term provision. Such subterfuge would violate the provisions of the penal code and potentially raise serious due process considerations.").
>
> . . . .

___

[5](...continued)
be submitted to a jury, and proved beyond a reasonable doubt." <u>Id.</u> at 490. Both the United States Supreme Court and the Hawai'i Supreme Court have held that <u>Apprendi</u> does not apply to consecutive term sentencing. <u>Oregon v. Ice</u>, 555 U.S. 160 (2009); <u>State v. Kahapea</u>, 111 Hawai'i 267, 141 P.3d 440 (2006).

> In many instances the term of imprisonment would be the same under consecutive term sentencing as under extended term sentencing. Consequently, if consecutive term sentencing may be employed as a possible alternative to extended sentencing and the jury fact-finding requirements imposed in _Apprendi_, such a possibility warrants closer scrutiny of consecutive sentences.

_Id._ at 508-09, 229 P.3d at 326-27. In this case, the circuit court expressly addressed the _Hussein_ issue and stated, during Semes's sentencing hearing:

> THE COURT: Here defendant has requested a trial by jury on the question of the imposition -- possible imposition of consecutive sentences.
>
> The Court has considered the record herein, the current state of the law in relation to consecutive sentencing, the plea agreement entered into by the parties, and the responses of the defendant at the time that he changed his plea in each count.
>
> Furthermore, **I'm satisfied that the government has not used this as a means of avoiding the extended term requirements.** Based on the foregoing, I will deny defendant's request for trial by jury on the question of consecutive sentencing.

(Cleaned up.) (Emphasis added.)

Semes does not argue that the circuit court abused its discretion by imposing consecutive terms of imprisonment, or that in doing so the court failed to comply with the requirement "to explain on the record its reasoning based on the HRS § 706-606 factors to ensure that its 'decision to impose consecutive sentences was deliberate, rational, and fair.'" _Barrios_, 139 Hawai'i at 335, 389 P.3d at 930 (quoting _Hussein_, 122 Hawai'i at 510, 229 P.3d at 328). Moreover, the court's on-the-record explanation of its decision shows that it did not abuse its discretion by imposing consecutive sentences, and that the State's request for imposition of consecutive sentences was not a "calculated subterfuge" to avoid the _Apprendi_ requirement for extended term sentencing. After hearing impact statements from, and on behalf of, the victims and their family members, and an allocution by Semes, the court stated:

THE COURT:  Thank you.

All right.  [B]efore the Court today is Mr. Semes, stands having been found guilty of five criminal offenses.

. . . .

There are a range of options before the Court in terms of sentencing Mr. Semes.  [T]he options include everything from a sentence of . . . probation, probation with a jail term, concurrent prison terms, and consecutive prison terms.

Here, the defendant has not requested a sentence of probation, but has requested concurrent terms of imprison- ment.  In other words, terms of imprisonment that would run at the same time.

The State of Hawaii, on the other hand, has requested consecutive terms of imprisonment.  In other words, terms of imprisonment that will run one after the other.

Hawaii law provides that when determining whether terms of imprisonment are to be imposed concurrently or consecutively that the Court shall consider factors set forth in Hawaii Revised Statutes Section 706-606.

There have been statements made today regarding justice and a just sentence.  [T]he law of the State of Hawaii provides guidance in terms of what a just sentence in this case should be.  Section 706-606 of the Hawaii Revised Statutes states that the Court, in determining the particular sentence to be imposed, shall consider a number of factors.

These factors include the nature and consequences of the offenses; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offenses; to promote respect for the law; to provide just punishment for the offenses; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with medical, educational or vocational training medical needed -- I should say needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

The Court is also to consider the kinds of sentences available.  And the Court is to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In terms of the last factor, I know there have been various arguments made by both the prosecution and the defense concerning other types of cases, -- I shouldn't say types of cases, but other cases, these -- of course, these -- these presentations by both the State and the defense do not reflect any type of statistical or -- or scientific study, but rather, the individual experiences of counsel and/or specific types of cases.  Cases of this nature often present very unique fact patterns and consequences.

The Court has examined and considered the nature and circumstances of the offenses.  [H]ere, Mr. Semes, we have

8

conduct that really begins well before the actual accident itself and -- and before the day of the offenses here.

Your traffic record reflects that you had encountered the system of justice here in Hawaii having operated a vehicle on more than one occasion at a very high rate of speed. That you had operated a vehicle without a valid license. That you had had your -- your license suspended. In other words, you were not able to operate a vehicle for a period of time that preceded in other words, was before this incident.

That you had had the opportunity to undergo a substance abuse assessment before the day in question. You must have known that speeding and operating a vehicle under the influence of an intoxicant involved serious risk to yourself and to others, including risk of -- sorry. Including risk of death or serious bodily injury to others and yourself.

On the day in question you, following work, consumed alcohol and after having consumed that alcohol arranged for the purchase of more alcohol, consumed that alcohol, and then participated in a phone call that appeared to have left you upset about something. And then caused you to -- or you chose to get in your truck and drive that vehicle under the influence.

You operated your truck at a very high rate of speed. You operated it in a manner which was contrary to -- clearly contrary to the law in terms of your driving pattern. And you caused a horrific and violent crash at an intersection when you ran a red light, after others at the inter -- after another at the intersection had already been stopped, waiting for that red light to turn green.

The crash resulted in the death of two individuals and ser -- and -- and extremely serious and life-altering injuries to another, as well as having injured yet another person.

You have forever changed the lives of many individuals whose lives have been touched in a very positive and warm way by individuals killed and injured in this horrific crash.

Following the crash you left the scene and hid in that -- in the brush area, pretending to be sleeping in that area, until you were found by the police.

The nature and circumstances of these offenses is extreme. In terms of the history and -- and characteristics you are not a person who has a series of property and/or violent crimes on your record, but the operation of a vehicle has been a consistent problem in your life.

The offenses here are extremely serious in nature. All classified as felonies under Hawaii law, and involved the death and/or injury to others, as well as failing to render aid to others who had been injured by your conduct.

Respect for the law and affording adequate deterrents to conduct of this nature is extremely important in cases of this nature. A person operating a vehicle contrary to law

and while under the influence of an intoxicant is a potential killer on the highway. And that is precisely what happened in this case.

In terms of the type of educational, vocational training or correctional treatment that you might need here, given what I am to consider, I don't know that that is a -- a factor that changes the analysis dramatically.

[Y]ou have had prior encounters with the justice system that should have caused you to understand the significance and dangerousness of the conduct that you were engaging in. There has been reference to the negligence standard here. I think it's also significant to note that criminal negligence is not civil negligence. In criminal negligence involves a gross deviation from the standard of care the law -- that a law-abiding person would follow.

Here there was a extremely gross deviation from the standard of care that a law-abiding person would follow. And the harm that has been done will never be able to be undone.

Accordingly, based on the factors that I must consider, the factors that are set forth in the law, not any type of subjective factor of justice or just -- just being just, but rather the guidance that the law provides, the Court, Mr. Semes, will be sentencing you as follows.

. . . .

As to count one, I will order that you be committed to the custody of the Director of the Department of Public Safety for a maximum period of ten years.

As to count two, I will order that you be committed to the custody of the Director of the Department of Public Safety for a maximum period of ten years.

As to count three, I will order that you be committed to the custody of the Director of the Department of Public Safety for a maximum period of five years.

As to count four, I will order that you be committed to the custody of the Director of the Department of Public Safety for a maximum period of five years.

And as to count five, I will order that you be committed to the custody of the Director of the Department of Public Safety for a maximum period of ten years.

Given all of the factors set forth in the law, and I should mention that the -- as to count five there's the additional factor of having that -- that offense having occurred after the first four offenses occurred, I will order that these terms be served consecutively. Mittimus will issue forthwith. And you will receive credit for time served as provided for by law.

(Cleaned up.)

We conclude that the State's request for imposition of consecutive sentences in this case was not a "calculated subterfuge" to avoid the <u>Apprendi</u> requirement for extended term sentencing.

### III.

For the foregoing reasons, the Judgment; Conviction and Sentence entered by the Circuit Court of the Second Circuit on April 2, 2018, is affirmed.

DATED: Honolulu, Hawaiʻi, December 6, 2019.

On the briefs:

Keith S. Shigetomi,
for Defendant-Appellant.

Don S. Guzman,
Renee Ishikawa Delizo,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge